Thomas Milton Blount was indicted for unlawful possession of cocaine, in violation of § 13A-12-212(a)(1), Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment," and the trial court sentenced him, under the Habitual Felony Offender Act to eighteen years in the State penitentiary. The appellant was ordered to pay: $100 for a victim's restitution fund assessment, $300 restitution to the City of Opelika and all court costs and reimbursement for his court-appointed attorney. *Page 1334 
On August 2, 1988, Officer Melvin Harrison, detective for the vice and narcotics division of the Opelika, Alabama, Police Department, received information of possible drug activity at 111-A Stowe Avenue in Opelika, Lee County, Alabama. Officer Michael O'Brien, an undercover Opelika police officer, told Harrison that he had made a buy on August 2, 1988, at 111-A Stowe Avenue. Harrison used this information and obtained a search warrant to search the address of the above-stated premises and the persons on the premises, Lilly Shorter and Thomas Blount.
On August 3, 1988, at approximately 11:00 a.m., Harrison and several other officers went to the premises to execute the search warrant. When the officers entered the premises they saw appellant standing in the kitchen, just outside the living room. They also saw Shorter, the resident of the house, and served her with a copy of the search warrant.
The officers found crack cocaine on the counter in the kitchen, close to where the appellant was standing. The crack cocaine was labeled and delivered to the Department of Forensic Sciences in Auburn, Alabama.
The search revealed several other items of evidence, which were analyzed and also admitted into evidence during this trial.
 I
The appellant contends that his motion to suppress the evidence should have been granted due to an improper search warrant and its supporting affidavit. The State argues that the appellant does not have standing to challenge this search warrant.
The record establishes that the electric and water bills were in Shorter's name. The State used this information to conclude that Shorter was the owner of the home. However, there is also testimony that the appellant received a telecable bill and at least one personal letter at the Stowe Avenue address.
This presents an interesting standing question. However, there is no need for this court to address the standing issue. Even assuming that the appellant has standing, he would not prevail on the merits of his challenge to the search warrant.
Specifically, the appellant argues that the affidavit stated that the purchase of cocaine at 111-A Stowe Avenue was made on August 2, 1988. At trial, Officer Harrison testified that the last purchase of cocaine in the Opelika-Auburn area was on July 29, 1988. This discrepancy, the appellant contends, should invalidate the search warrant.
When challenging the validity of a search warrant, where the affidavit is believed to contain misrepresentations, the evidence should be suppressed where there is either: "(1) an intentional misstatement by an affiant-agent, whether material or immaterial to showing probable cause; or (2) a negligent or unreasonable assertion in an affidavit, if material to showing probable cause but not where (3) the mistake is innocent even if material to probable cause." Richardson v. State,376 So.2d 205, 214 (Ala.Cr.App. 1978), affirmed, 376 So.2d 228 (Ala. 1979); Reese v. State, 456 So.2d 341, 351 (Ala.Cr.App. 1982),cert. denied, 464 U.S. 838, 104 S.Ct. 127, 78 L.Ed.2d 124
(1983). See United States v. Thomas, 489 F.2d 664 (5th Cir. 1973), cert. denied, 423 U.S. 844, 96 S.Ct. 79, 46 L.Ed.2d 64
(1975).
In Reese, there was a discrepancy in a search warrant affidavit and the testimony produced at a suppression hearing, as to the time when the affiant stated that he received certain information from an informant. This court held that there was no evidence of intentional or negligent misrepresentation of the facts in the underlying search warrant. The court stated, "It is clear that the inconsistent time period in question . . . was an innocent mistake at worst."
Similarly, in this case, we find that the discrepancy between the date of the purchase at 111-A Stowe Avenue was at worst an innocent mistake. Moreover, Harrison's explanation of the discrepancy was consistent with the affidavit and the testimony elicited at trial. He stated that O'Brien participated in a series of undercover purchases *Page 1335 
in the Auburn-Opelika area between February 20, 1988 and August 2, 1988. July 29, 1988, was the last purchase O'Brien made where they charged a person with unlawful distribution of illegal drugs. On August 2, 1988, O'Brien made another purchase and charged the appellant with unlawful possession of cocaine.
Thus, the trial court properly denied appellant's motion to suppress. No error appears.
 II
The appellant's second contention is that the trial court committed reversible error in failing to instruct the jury on "constructive possession" as requested by the appellant. The merits of this issue will not be addressed because the appellant failed to preserve the issue for review.
The proper method for an objection to a court's failure to give a jury instruction is for the appellant to state the matter to which he objects and the grounds of his objection. A.R.Cr.P.Temp. 14.; Ex parte State, 497 So.2d 201 (Ala. 1986);Kyser v. State, 513 So.2d 68 (Ala.Cr.App. 1987). Failure to specifically state the grounds of the objection does not preserve the issue for review. Lawson v. State, 455 So.2d 99
(Ala.Cr.App. 1984); Sherer v. State, 472 So.2d 443 (Ala.Cr.App. 1985); Gilmore v. State, 497 So.2d 577 (Ala.Cr.App. 1986).
In the present case, the trial court failed to specifically instruct the jury on constructive possession. The appellant stated his objection to the court's failure to give this instruction: "Your Honor, we would object to the Court's failure to give Defendant Thomas Milton Blount's requested jury charges three, four, five, six, eight, ten, eleven, twelve, thirteen, fourteen and fifteen." The appellant failed to state, in the record, the specific grounds on which he objects.See Allen v. State, 414 So.2d 989 (Ala.Crim.App. 1981), affirmed, 414 So.2d 993 (Ala. 1982).
Thus, this issue is not properly preserved for review.
 III
The appellant's final argument is that the trial court erred in denying his motion for a new trial. The appellant alleges that a juror, in his trial, was prejudiced against persons charged with drug-related offenses. In support of his argument, the appellant offered two affidavits at the hearing on the motion for new trial. One affidavit was from the appellant and the other was from a co-defendant. The trial court denied admission of the affidavits on hearsay grounds.
"A motion for a new trial must be heard and determined on the evidence submitted on that motion and on the evidence heard on the main trial, though not reintroduced." Taylor v. State,222 Ala. 140, 141, 131 So. 236 (1930); See Daniels v. State,416 So.2d 760, 762 (Ala.Cr.App. 1982). "Assertions of counsel in an unverified motion for new trial are bare allegations and cannot be considered as evidence or proof of the facts alleged." Smithv. State, 364 So.2d 1, 14 (Ala.Cr.App. 1978). See Daniels, 416 So.2d at 762.
The appellant failed to establish any proof that at trial a particular juror was biased. Nor does the appellant's assertion, in the affidavits, establish proof that the juror was biased, it is merely an assertion by this appellant.
Therefore, we find that the court did not abuse its discretion in denying the appellant's motion for a new trial.
For the above reasons, this case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 1336