The appellant was indicted for the unlawful possession of cocaine. After his motion to suppress the evidence of the cocaine was denied, he was found guilty in a jury trial. He was sentenced as a habitual offender to 12 years' imprisonment and was ordered to pay a $2,000 fine and a $100 victims' compensation assessment. His motion for a new trial was denied.
At the suppression hearing, a narcotics investigator testified that he had received a tip from a reliable male informant that a black male was selling crack cocaine on the front porch at 600 Tuskegee Street. He was given the names "Moedy," "Moody," "Moses," and "Mose" by the informant, and he apparently put the name "Moses" on the search warrant he obtained for the premises and for the person of the appellant. The law enforcement officials who executed the warrant were given consent to search by the woman who lived at 600 Tuskegee Street. They found the appellant lying in a bedroom, and a search of the appellant for weapons revealed a cigarette package with a plastic bag of cocaine protruding from the top. A jacket containing $400 also was found in the bedroom. The appellant sought to discredit the investigator's testimony by showing that he could have obtained his information by overhearing a female informant, rather than from the male informant as stated. Essentially, similar testimony was presented at trial.
 I.
The appellant contends that the trial court erred in denying his motion to suppress evidence of the cocaine found on his person because, he argues, there was no probable cause to issue the warrant used to obtain it. He argues that the affidavit on which the warrant was based failed to establish the reliability of the informant and failed to describe the named subject with particularity. *Page 1245 
This Court is unable to consider the appellant's argument, because neither the warrant nor the affidavit is contained in the record on appeal. When the warrant and affidavit are not a part of the record, there is nothing for this Court to review concerning the validity of the arrest warrant. Sandifer v.State, 535 So.2d 203 (Ala.Cr.App. 987).
 II.
The appellant also contends that the trial court erred in overruling his objection to the jury venire. He argues that the venire was not drawn from a fair cross-section of the population because, he says, the county's use of drivers' license rolls in the jury selection process resulted in an underrepresentation of blacks and males on the venire.
The fair-cross-section test set out in Duren v. Missouri,439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), is whether a "distinctive group" in the community has been underrepresented in venires as a result of systematic exclusion of that group in the jury selection process. Here, the appellant argues that the presence of 6 blacks and 7 males in a venire of 28 constitutes an underrepresentation of those two groups. However, he presents no evidence that the alleged underrepresentation is caused by the practice of drawing names of potential jurors from drivers' license rolls or that this practice results in systematic exclusion of the two groups.[1] A failure to include the name of every qualified person on the jury roll is not a ground to quash an indictment or a venire, absent fraud or purposeful discrimination. Swain v. Alabama, 380 U.S. 202,85 S.Ct. 824, 13 L.Ed.2d 759 (1965). The appellant has presented no evidence of fraud or purposeful discrimination. He has failed to make out a prima facie case of improper jury selection based on the allegedly improper composition of the jury venire.
 III.
The appellant argues that the trial court erred in overruling his objection to the prosecution's peremptory strike of a black male juror. He contends that the "same age" reason given for the strike is fabricated.
The age rationale for a peremptory strike is highly suspect because of its inherent susceptibility to abuse, and a mere declaration that age was a factor in the decision to strike is constitutionally deficient. Ex parte Bird, 594 So.2d 676
(Ala. 991). Here, however, the prosecutor stated that he struck the juror because "he is 29 years old and that is the exact same age as the Defendant according to the offense file report." The reason stated is more specific than the summary declaration prohibited in Bird, supra. Although the defendant noted thereafter that there was a 10-year discrepancy in their ages in that he was born in 1959 and the juror was born in 1969, there is no indication that the reason for the strike was fabricated. The relevant inquiry in a case of discrimination is whether the prosecutor intended to so discriminate. "We appreciate that it is impossible to know what is in the mind of another person, and that it is possible that, in stating his reasons for striking a black member of the venire, a prosecutor may give a reason that is not the true reason, but we are convinced that the trial judges in our system are in a much better position than appellate judges to decide whether the truth has been stated." Scales v. State, 539 So.2d 1074, 1075
(Ala. 988). In the present case, the prosecutor said that based on his notes, he struck the juror based on his age. The discovery thereafter that he was wrong about the juror's age would not make that reason a fabrication or a sham. The trial court was in a better position to determine whether the prosecutor's statement was true. We do not find that the trial court's decision to overrule *Page 1246 
the defendant's objection on the stated ground is clearly erroneous.
According to the transcript of the voir dire examination, the appellant made a Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), objection to the striking of juror # 72. The trial court, without finding a prima facie case of discriminatory striking, asked the assistant district attorney, "Mr. Binford?" The prosecutor then stated that the strike was based on his records, which showed that the juror was a single male of the same age as the appellant. The appellant's counsel responded that the appellant was born in 1959 and that there were only two males on the jury. The trial court then overruled the appellant's motion.
The appellant argues in brief that the prosecutor struck the only black male from the jury. However, the record contains only a list of the 107 names on the jury roll called the week of the appellant's trial and the statements of the appellant's counsel during voir dire that there were 6 blacks and 7 males in the 28-person venire and that 2 males served on the jury. There is no evidence as to the racial composition of the jury. It is the duty of the appellant to file a correct record on appeal. Davis v. State, 549 So.2d 577 (Ala.Cr.App. 989). The Court will not presume error from a silent record. Robinson v.State, 444 So.2d 884 (Ala. 983). The appellant has failed to file a record on which this Court can predicate a finding of error.
 IV.
The appellant also argues that the trial court erred in overruling an objection to his exclusion from the courtroom during the presiding judge's initial qualification of the jury panel. He argues that the exclusion prevented him from knowing whether a prospective juror was reluctant to serve and therefore might be biased against the appellant or the State. This argument is without merit.
According to § 12-16-74, Code of Alabama 1975, the court may "excuse or postpone the service of a prospective juror outside the presence of the parties and their counsel in accordance with the provisions for excusal contained in section 12-16-63." After overruling the appellant's objection, the trial court proceeded to qualify the venire from which the appellant's jury was selected in the presence of both the appellant and the prosecution. The appellant had the opportunity to inquire into a reluctance to serve by any potential juror during the voir dire examination. There is nothing in the record that indicates that the appellant's rights were in any way prejudiced by the presiding judge's initial qualification of the jury outside the presence of the appellant and his counsel.
 V.
The appellant argues that he was denied a fair trial because a juror failed to respond to questioning during voir dire concerning the fact that she was employed by the sheriff's department. The appellant first raised the issue of the alleged failure to respond at an evidentiary hearing on his motion for a new trial. The juror failed to appear at the hearing despite being subpoenaed, and the appellant offered no other evidence to support his claim. The trial court allowed 10 additional days for the appellant to file affidavits from his trial attorney and the juror. At the time of the denial, only the statements of the appellant's counsel were before the trial court. There was no evidence that the purported juror was included in the venire or jury or that she worked for the sheriff's department as alleged. Assertions in an unverified motion are bare allegations and cannot be considered as evidence or proof of the facts alleged. Blount v. State,557 So.2d 1333 (Ala.Cr.App. 989). Further, there is no record that any affidavits were filed with the trial court after the motion was filed. Because there was no evidence on which to grant the motion for new trial, the trial court's denial clearly is proper.
We note that the appellant has attached an affidavit to his brief to this Court. However, because the affidavit was not made a part of the record, the affidavit cannot be considered on appeal. *Page 1247 Boyd v. State, 542 So.2d 1247 (Ala.Cr.App. 988).
 VI.
The State notes that the appellant was sentenced under the Habitual Felony Offender Act based upon two nolo contendere pleas in Florida. This Court has held that nolo contendere pleas cannot be used for enhancement purposes under the Habitual Felony Offender Act. Snipes v. State, 404 So.2d 106
(Ala.Cr.App.), cert. quashed, 404 So.2d 110 (Ala. 981). The State therefore requests that we remand this cause for proper sentencing. Pursuant to the request by the State, this cause is remanded to the trial court with instructions to sentence the appellant in accordance with § 13A-5-9, Code of Alabama 1975. A return should be filed with this Court within 28 days of the date of this opinion.
REMANDED FOR RESENTENCING.
All the Judges concur, except MONTIEL, J., who concurs in the result only.
[1] Although the appellant states the number of males in the venire, he makes no gender-based Batson [v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)] argument, so we have not addressed this issue. We note, however, that the Alabama Supreme Court has not determined that there is a gender-based argument. Murphy v. State, 596 So.2d 42 (Ala.Cr.App. 991).