This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17, 1995.
The appellant, Daniel Similton, was convicted of murder and was sentenced to life imprisonment without the possibility of parole.
Appellant's trial counsel was allowed to withdraw after sentencing. New counsel was appointed for the appellant at that time and new counsel filed a timely motion for a new trial on May 23, 1994. See Ex parte Jackson, 598 So.2d 895 (Ala. 1992) on May 23, 1994. The motion was denied by operation of law on July 22, 1994. See Rule 24.4, Ala.R.Crim.P. However, on August 18, 1994, the trial court purported to hold a hearing on the motion for new trial and it subsequently issued an order on January 12, 1995, purporting to deny the motion for a new trial.
This appeal is clearly from the denial of the motion for new trial by operation of law on July 22, 1994. There was no ruling by the trial court on the motion for a new trial within 60 days of the filing of the motion. Thus, after July 22, 1994, the trial court did not have jurisdiction to rule on the motion for a new trial and the trial court's order purporting to deny the motion was a nullity. Edgar v. State, 646 So.2d 683 (Ala. 1994).
The appellant seems to recognize this fact. His contention on appeal is that the trial court erred in not setting a timely hearing on his motion for new trial. However, this court will not find error in the trial court's failure to rule on a motion for a new trial before the motion is denied by operation of law due to the passage of time. Howard v. McMillian, 480 So.2d 1251
(Ala.Civ.App. 1985).
The appellant also argues in his brief to this court that he is entitled to a hearing on his motion for a new trial so that he can prove the allegations of ineffective assistance of counsel. In Edgar, the Alabama Supreme Court held that
 "where . . . a criminal defendant's motion for a new trial is denied under the provisions of Rule 24.4, Ala.R.Crim.P., without an affirmative statement by the trial judge giving the ruling a presumption of correctness and the defendant supports his new trial motion by evidence that was not presented at trial, and that evidence, if not controverted by the State, will entitle him to a new trial, the denial by operation of law should be reversed and the case remanded for the trial court to conduct a hearing on his motion for new trial and then enter an order either granting or denying the motion."
646 So.2d at 687.
The following is a list of the allegations of ineffective assistance of counsel contained in the appellant's motion for a new trial:
 "8) Defendant was denied effective assistance of counsel as required in the Sixth Amendment to the Constitution of the United States as follows:
 "a. The attorney, appointed to represent the Defendant for trial, did not investigate the alleged crime or the background of the victim and State's witnesses.
 "b. The attorney, appointed to represent the Defendant for trial, did not interview the Defendant as to the facts of the alleged crime.
 "c. The attorney, appointed to represent the Defendant for trial, did not inform the *Page 1365 
Defendant that a conviction meant 'life without parole' if convicted of murder. Without such information, Defendant could not make an informed decision to testify or not testify in his on [sic] behalf.
 "d. Even though it was obvious that there was an issue of the lessor [sic] included offense of manslaughter, the attorney, appointed to represent the Defendant for trial, did not file any requested jury charges or orally request said instruction on a lessor [sic] included offense.
 "e. The attorney, appointed to represent the Defendant for trial, did not ask any questions on voir dire and did not object when the State's Attorney made statements as to the State's theory of the case.
 "f. The attorney, appointed to represent the Defendant for trial, repeatedly did not object to hearsay and leading questions which denied Defendant his right to confront witnesses against him in violation of the Sixth Amendment to the United States Constitution.
 "g. The attorney, appointed to represent the Defendant for trial, did not request a single subpoena to be issued for witnesses in Defendant's behalf even though said witnesses existed. Said actions denied Defendant his right to use of compulsory process for obtaining witnesses in his behalf in violation of the Sixth Amendment to the United States Constitution.
 "h. The attorney, appointed to represent the Defendant, in his cross-examination of the State witnesses, did not base his questions on any strategy and his questions only reinforced the testimony given on direct. The question were not probing as the facts at issue and were not based on any prior investigation. There were almost no questions as to loss of memory and the few questions asked were argumentative in nature and objection was made and sustained.
 "i. The few objections made by the attorney, appointed to represent the Defendant at trial, were general without specific grounds and did not preserve the objections for appeal.
 "j. The attorney, appointed to represent the Defendant, did not make a single objection to the instructions of the Court to the jury even though many of said instructions have been criticized as conflicting and misleading and are subject to appeal consideration including the Court's instructions on reasonable doubt, instruction on presumption of innocence, and instructions offered by the State.
 "k. The attorney, appointed to represent the Defendant for trial, repeatedly allowed testimony as to illegal evidence to be placed before the jury without objection and the few times he did object, the objection occurred after the answer and the defense attorney did not move to exclude the testimony.
 "l. The above actions or lack of actions of the attorney, appointed to represent the Defendant for trial, prejudiced the Defendant and it is probable that the outcome of the trial would be different.
 "m. Based on the above actions or lack of actions of the attorney, appointed to represent the Defendant for trial, the Defendant was denied his right to effective assistance of counsel and a fair trial."
(R. 7-9.) Although the State did not respond to the allegations set out in the appellant's motion for a new trial, the allegations of ineffective assistance of counsel contained in the motion for new trial are bare allegations that are unsupported by any evidence. Joyce v. State 605 So.2d 1243
(Ala.Crim.App. 1992); Blount v. State, 557 So.2d 1333
(Ala.Crim.App. 1989). In Edgar, the motion for new trial was supported by an affidavit alleging facts not presented at trial. There is no supporting affidavit in this case.
 " 'Consequently, the assertions of counsel contained therein "are bare allegations and cannot be considered as evidence or proof of the facts alleged." ' Arnold v. State, 601 So.2d 145, 154
(Ala.Cr.App. 1992). ' "Assertions of counsel in an unverified motion . . . are bare allegations and cannot be considered as evidence or proof of the facts alleged." Smith v. State, 364 So.2d 1, 14
(Ala.Cr.App. 1978). [See Daniels v. State], 416 So.2d 760, 762 (Ala.Cr.App. 1982)].' Blount v. State, 557 So.2d 1333, 1335 (Ala.Cr.App. 1989)." *Page 1366 
Ingram v. State, 629 So.2d 800 (Ala.Crim.App. 1993). Therefore, since the motion for new trial is not supported by an affidavit or any other evidence, it is unnecessary for this court to reverse and remand this case to the trial court for a hearing on the appellant's allegations of ineffective assistance of counsel which are contained in the motion for new trial.
Although the appellant sets out in his brief to this court allegedly specific factual instances of ineffective assistance of counsel, the allegations in his motion for a new trial were much more general, and as we noted earlier, were unverified, thus, there is no evidence of specific instances of ineffective assistance before this court. " 'This court is bound by the record and not by allegations or arguments in brief reciting matters not disclosed by the record.' Moore v. State,457 So.2d 981, 989 (Ala.Cr.App. 1984), cert. denied, 470 U.S. 1053,105 S.Ct. 1757, 84 L.Ed.2d 820 (1985)." Garnett v. State,555 So.2d 1153 (Ala.Crim.App. 1989).
Therefore, the denial of the motion for a new trial was properly denied. Joyce; Blount.
AFFIRMED.
All the Judges concur.