The appellant, James Woodrow Smith, was convicted of murder, a violation of § 13A-6-2, Ala. Code 1975, and was sentenced as a habitual offender to life imprisonment without parole. On appeal, he contends that the trial court erred in denying his motion for a new trial, which was based on the state's alleged failure to provide him with exculpatory material to which he was entitled by law, in violation of Brady v. Maryland,373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Rule 16.1, Ala.R.Crim.P.
The appellant shot and killed the victim following a brief altercation outside a bar in Montgomery. A handgun, believed to have belonged to the victim, was recovered near the victim's body. The murder weapon was never recovered. There were several witnesses to the shooting. The appellant attempted to show that he shot the victim in self-defense, and he presented a witness at trial who testified that she saw the victim come toward the appellant with a gun pointed at him before the appellant fired at the victim. None of the witnesses who testified for the state saw the victim with a gun in his hand when the shooting occurred, and there was evidence suggesting that the victim's gun was in his pants when the appellant shot him.
The appellant's motion for a new trial contained a statement by the appellant's counsel that approximately two weeks after the appellant was sentenced, a probation officer provided counsel with an "information sheet" that had been used as a notepad by the foreman of the grand jury during grand jury proceedings for the appellant's case. According to the appellant's counsel, the handwritten notes revealed that one of the investigating officers had taken a statement from a witness to the shooting to the effect that the victim drew and fired a gun at the appellant before the appellant shot him. The appellant's counsel alleged in the motion for a new trial that the state had failed to provide this witness's statement to the defense and that that failure violated Brady and Rule 16.1, Ala.R.Crim.P., because the statement constituted exculpatory evidence.
Although the trial court entered an order setting the motion for a new trial for a hearing, the record does not reflect that a hearing was ever held or that a ruling on the motion was ever issued. Therefore, the appellant's motion was denied by operation of law 60 days after sentencing. See Rule 24.4, Ala.R.Crim.P.
The appellant's motion for a new trial was unverified and was not accompanied by any affidavits in support of the assertions therein. " 'Assertions of counsel in an unverified motion for a new trial are bare allegations and cannot be considered as evidence or proof of the facts alleged.' " Ingram v. State,629 So.2d 800, 804 (Ala.Cr.App. 1993) (quoting Smith v. State,364 So.2d 1, 14 (Ala.Cr.App. 1978)). Accord Arnold v. State,601 So.2d 145, 154 (Ala.Cr.App. 1992); see also Similton v. State,672 So.2d 1363 (Ala.Cr.App. 1995). "There is no error in a trial court's denial of a motion for new trial where no evidence is offered in support of that motion." Arnold, 601 So.2d at 154. Furthermore, although the state did not answer the allegations in the motion for a new trial and although the motion was denied by operation of law, since the motion for a new trial is not supported by an affidavit or any other evidence and the grounds relied on in the motion are not shown by the record, "it is unnecessary for this court to reverse and remand this case to the trial court for a hearing on the appellant's allegations . . . contained in the motion for new trial."Similton, supra, 672 So.2d at 1366; see Hill v. State,675 So.2d 484 (Ala.Cr.App. 1995). The denial of the motion for a new trial is due to be upheld.
We note that a transcript of the grand jury testimony in question was not attached to the appellant's motion for a new trial and was not presented to the trial court in any manner. Nor was the grand jury testimony made a part of the record on appeal. Instead, the appellant has attached a copy of the transcript of the grand jury testimony to his brief on appeal in the form of an appendix, "Exhibit A." The transcript of the grand jury testimony is not properly before this court and should not and cannot *Page 102 
be considered, because it is "outside the record." SeeGothard v. State, 452 So.2d 889, 893 (Ala.Cr.App.), cert. stricken, 450 So.2d 479 (Ala. 1984); Tyus v. State,347 So.2d 1377, 1380 (Ala.Cr.App.), cert. denied, 347 So.2d 1384
(Ala. 1977). "The record on appeal cannot be enlarged or supplemented by an appendix to the appellant's brief." Jenkinsv. State, 516 So.2d 944, 945 (Ala.Cr.App. 1987).
Even if we were to consider the transcript of the grand jury testimony when assessing the correctness of the trial court's denial of the motion for a new trial, we would nonetheless find that the appellant failed to establish a Brady violation or a violation of Rule 16.1, Ala.R.Crim.P. When the grand jury testimony of the investigating officer is read in its entirety, and the comment made by him is put in context, it becomes quite apparent that, in fact, the state had provided the exculpatory statement of the witness to the defense and that this witness had also testified for the appellant at trial. The appellant claims that the investigating officer alluded in his grand jury testimony to a witness who stated that she saw the victim shoot a gun at the appellant, and that because no such statement from a witness was furnished to the defense, the state must necessarily have suppressed this exculpatory evidence. However, the transcript of the grand jury testimony reflects that the investigating officer clarified his testimony concerning the statements of witnesses to the shooting by testifying that while one of the witnesses he spoke to did claim that she saw the victim with a gun in his hand, "none of the witnesses . . . indicated they ever saw him fire his weapon." It is apparent that the investigating officer misspoke when he initially indicated that a witness had stated that both the appellant and the victim had fired weapons. The investigating officer emphasized in his testimony before the grand jury that only one witness had given a statement tending to exculpate the appellant; this exculpatory statement, the officer said, was that the victim had a gun in his hand immediately before he was shot. This witness was Christie Spann, a friend of the appellant, who testified at trial that she saw the victim draw and point his gun, but also indicated at trial that she did not see the victim fire his gun. It is uncontested that Christie Spann's statement to the police that she saw a gun in the victim's hand was in fact furnished to the appellant before trial.
In order to prove a Brady violation, the appellant must show "(1) that the prosecution suppressed evidence, (2) that the evidence was of a character favorable to his defense, and (3) that the evidence was material." Jefferson v. State,645 So.2d 313, 315 (Ala.Cr.App. 1994)." The appellant has failed to show that the state suppressed exculpatory evidence; therefore, the appellant has proven neither a Brady violation nor a violation of Rule 16.1, Ala.R.Crim.P.
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur. *Page 348