BASCHAB, Judge,
concurring in part and dissenting in part.
I concur with the majority opinion in all respects except the conclusion that the appellant has standing to raise the claim that the CNA unconstitutionally impinges on his right to marry. The appellant has not presented any evidence to show that he has standing to raise this claim. Defense counsel asserted in the unverified motion to dismiss that the appellant and the victim had attempted to marry, but that the probate and circuit judges of Chambers County would not allow them to get married because the appellant was a convicted sex offender.
“ ‘Assertions in an unverified motion are bare allegations and cannot be considered as evidence or proof of the facts alleged.’ Blount v. State, 557 So.2d 1333 (Ala.Crim.App.1989); see also, Similton v. State, 672 So.2d 1363 (Ala.Crim.App.1995).”
McCollum v. State, 678 So.2d 1210, 1213 (Ala.Crim.App.1995). Therefore, defense counsel’s assertions in the amended motion to dismiss did not constitute evidence. Furthermore, although the appellant attached the victim’s and her mother’s statements to the Valley Police Department to his amended motion to dismiss, those statements were not verified. Therefore, they cannot be considered as evidence.[7] Finally, defense counsel’s assertions during the hearing on the motion did not constitute evidence. See Woodruff, supra. Accordingly, the appellant has not presented any evidence to show that he has standing to raise this claim.

. Moreover, even if we take the allegations that are set forth in the statements as true, those allegations still do not create a justicia-ble controversy because neither the victim’s nor the mother’s statement alleged that the appellant and the victim had attempted to marry and that that their attempt to marry had been thwarted.