McMILLAN, Presiding Judge.
The appellant, Bryan Kevin Stinson, appeals from his conviction for rape in the first degree, a violation of § 13A-6-61(a)(1), Ala. Code 1975.
The record indicates Stinson filed a Rule 32, Ala. R.Crim. P., petition, and pursuant to Rule 32.1(f), Ala. R.Crim. P., was granted an out-of-time appeal. The pertinent facts are as follows: On December 16, 2004, the jury returned a verdict finding Stinson guilty of first-degree rape. On January 6, 2005, Stinson was sentenced to 27 years’ imprisonment, was ordered to pay a fine of $2,500, and to pay $500 to the crime victims’ compensation fund, and was assessed court costs. On February 4, *685 2005, Stinson, through newly appointed appellate counsel, filed a motion for a new trial, alleging numerous claims of ineffective assistance of trial counsel. On March 29, 2005, a hearing was conducted on the motion; at the end of the hearing the trial court indicated that it could not make a ruling and write an order before the expiration of 60 days after which the motion would be denied by operation of law. Rule 24.4, Ala. R. Crim. P. The parties entered into what they believed was a valid written waiver and consent to extend the 60-day period, as provided by Rule 24.4, Ala. R.Crim. P. On April 15, 2005, the trial court, in a detailed order, denied the motion for a new trial. On April 18, 2005, appellate counsel filed a notice of appeal. On June 1, 2005, this Court noted that the motion for a new trial had been denied by operation of law after March 7, 2005, 60 days from the date Stinson had been sentenced, unless the motion had been continued in conformity with Rule 24.4, Ala. R.Crim. P., on or before March 7, 2005. Moreover, we asked appellate counsel to produce evidence, including, but not limited to, a certified copy of the case-action summary sheet, regarding the parties’ waiver and consent to continuing the motion for a new trial beyond March 7, 2005. Appellate counsel did not produce the evidence. Because the notice of appeal was not filed within 42 days of March 7, 2005, this Court dismissed Stinson’s direct appeal as untimely and issued its certificate of judgment.
On August 17, 2005, Stinson filed a Rule 32 petition seeking an out-of-time appeal, stating as grounds that appellate counsel had inadvertently failed to file a timely appeal of the conviction because of “a misunderstanding of the rules as relating to the filing of an appeal given the lateness of the evidentiary hearing and waiver.” At the hearing on Stinson’s Rule 32 petition conducted on October 13, 2005, appellate counsel requested an appeal to challenge the trial court’s order denying the motion for a new trial. The trial court granted the requested relief.
Rule 24.4, Ala. R.Crim. P., provides:
“No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant’s attorney, which consent shall appear in the record, the motion may be carried past .the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is continued, the motion is deemed denied as of that date, unless it had been continued again as provided in this section. The motion may be continued from time to time as provided in this section.”
Because the motion for new trial was deemed to be denied by operation of law on March 8, 2005, i.e., the sixty-first day after Stinson was sentenced, every action taken in the trial court from that date forward, including the March 29, 2005, hearing on the motion for a new trial and the parties’ waiver and consent to extend the 60-day period was void, and the trial court’s order purporting to deny the motion was a nullity. See Similton v. State, 672 So.2d 1363 (Ala.Crim.App.1995). Therefore, based on the circumstances of this case, the trial court was correct in granting the out-of-time appeal. See Dedeaux v. State, [Ms. CR-04-0792, Dec. 23, 2005] — So.2d-(Ala.Crim.App.2005) (“If the failure to file a timely notice of *686 appeal is through no fault of the appellant’s, the appellant is entitled to an out-of-time appeal.”).
Here, we have a situation similar to the one in Edgar v. State, 646 So.2d 683, 685 (Ala.1994), in which the trial court held a hearing on the motion for a new trial after the 60-day period; therefore, it did not take evidence until after the motion had already been denied by operation of law. Although the trial court, in Edgar, denied the motion, it failed to include in its.order any specific findings. The Alabama Supreme Court held:
“We hold that where, as here, a criminal defendant’s motion for a new trial is denied under the provisions of Rule 24.4, Ala. R.Crim. P., without an affirmative statement by the trial judge giving the ruling a presumption of correctness and the defendant supports his new trial motion by evidence that was not presented at trial, and that evidence, if not controverted by the State, will entitle him to a new trial, the denial by operation of law should be reversed and the case remanded for the trial court to conduct a hearing on his motion for new trial and then enter an order either granting or denying the motion.”
Edgar v. State, 646 So.2d at 687.
Additionally, this Court in Banks v. State, 845 So.2d 9 (Ala.Crim.App.2002), addressed a situation similar to the case at bar, having before it an affirmative response from the trial court denying a motion to withdraw a guilty plea, over which it no longer had jurisdiction because the motion had been denied by operation of law. Here, as in Banks, the trial court’s written order has no legal significance, because the trial court no longer had jurisdiction, to rule on the motion for a new trial. Because this Court cannot consider any proceedings in the trial court that occurred beyond the 60-day limit, a remand is necessary to bestow jurisdiction on the trial court. Moreover, we are confident that the trial court, which presided over the trial and the hearing on the motion for a new trial, is in the best position to make any findings of fact regarding Stinson’s claims. See, e.g., Vinnie v. State, 866 So.2d 1175, 1176 (Ala.Crim.App.2002).
Accordingly, the trial court is instructed to review the transcript of the hearing on the motion for a new trial and its order purporting to deny the motion, and at its discretion, either adopt its previous ruling and order, containing specific findings of fact regarding Stinson’s ineffective-assistance claims, or conduct any additional proceedings it deems necessary. The return to remand shall include a transcript of the proceedings, if any, conducted by the trial court on remand and the trial court’s specific written findings of fact. Due return shall be filed with this Court no later than 35 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS. 
BASCHAB and WISE, JJ„ concur.
COBB and SHAW, JJ., concur in the result.