The majority reverses the trial court's order dismissing § 13A-8-11(b)(1), Ala. Code 1975, as unconstitutionally vague and overbroad on the ground that the appellee does not have standing to challenge the statute on vagueness grounds and on the ground that the statute is not unconstitutionally overbroad. I am compelled to concur in the result for several reasons.
First, the majority presents a summary of the "facts" of the case. During the hearing, the only references to the facts of the case were the following:
 "[DEFENSE COUNSEL]: He's — essentially, he's charged with, believe it or not, with sending flowers and making telephone calls to a woman he was interested in. And she for whatever reason on her own decided to charge him with a crime. . . .
 ". . . .
 "[PROSECUTOR:] Furthermore, whether his intent was to alarm or harass her is a jury question. You know, of course, the facts deal a little bit more than just, you know, he's called her a few times and sent her a gift."
(R. 3, 6.) The majority presents a much more detailed statement of facts, apparently relying on a deposition the victim signed when law enforcement officers investigated the case. It also states that
 "[a] review of Zgouvas's motion to dismiss, the transcript of the hearing before the trial judge regarding Zgouvas's motion, and Zgouvas's brief to this Court indicates that Zgouvas is not challenging the constitutionality of the statute as it applies to him, but instead is basing his challenge on hypothetical situations involving `a person who uses the telephone to warn another of a fire, flood, storm or other apparent imminent hazard.'"
953 So.2d at 438. However,
 "`[a]ssertions in an unverified motion are bare allegations and cannot be considered as evidence or proof of the facts alleged.' Blount v. State, 557 So.2d 1333 (Ala.Crim.App. 1989); see also, Similton v. State, 672 So.2d 1363 (Ala.Crim.App. 1995)."
McCollum v. State, 678 So.2d 1210, 1213
(Ala.Crim.App. 1995). Thus, defense counsel's assertions in the motion to dismiss did not constitute evidence. Further, the victim's deposition, which was not admitted during the hearing on the motion to dismiss, is hearsay and cannot be considered as evidence. Finally, defense counsel's assertions during the hearing on the motion did not constitute evidence. SeeState v. Woodruff, 460 So.2d 325, 327
(Ala.Crim.App. 1984). Therefore, it is improper for this court to make a determination that the appellee does not have standing to raise a vagueness challenge based on facts that were not properly presented to the trial court.
Second, I note that, based on the scant facts presented during the hearing, it appears that the appellee did not generally have standing to challenge the constitutionality of §13A-8-11(b)(1), Ala. Code 1975. However, the City did not raise the issue of standing in the trial court. As we noted inSnavely v. City of Huntsville, 785 So.2d 1162, 1166 n. 1 (Ala.Crim.App. 2000): *Page 445 
 "Based on the facts of this case, Snavely did not have standing to make this argument. However, the State did not raise a claim at trial or on appeal that Snavely lacked standing to challenge the constitutionality of § 32-5-192, Ala. Code 1975. Thus, the State waived any claim that Snavely lacked standing. See State v. Ivey, 709 So.2d 502, 507 (Ak.Cr.App. 1997)."
See Cook v. State, 574 So.2d 905, 908
(Ala.Crim.App. 1990) (holding that "the issue of standing was not raised by the State at trial and has therefore been waived").See also City of Mobile v. Weinacker, 720 So.2d 953
(Ala.Civ.App. 1998). Therefore, the City waived any claim that the appellee lacked standing, and it is not appropriate for this court to rely on that ground to reverse the trial court's decision.
Third, I do not agree with all of the majority's analysis concerning the appellee's argument that the statute is overbroad. Nevertheless, I agree with its ultimate conclusion that the statute is not overbroad.
For these reasons, I respectfully concur in the result.