I agree that there are cases, such as Verzone, in which a reversal is warranted because there is not a colloquy in the record on appeal. However, because this case is distinguishable from Verzone, and because defense counsel made only bare assertions in an unverified motion to withdraw the appellant's guilty plea, a reversal is not warranted in this case.
In Verzone, the appellant filed a motion to supplement the record on appeal with a transcript of the guilty plea colloquy. In this case, the appellant did not file a motion to supplement the record on appeal. In fact, in the reporter's transcript order, he did not even request a transcript of the guilty plea. Rather, he checked the portion of the form that indicated that the appeal would not have a court reporter's transcript.
Also, in Verzone, in addition to a voluntariness claim, the appellant raised a challenge to the trial court's jurisdiction to accept her guilty plea. Without a record of the colloquy, we could not review that challenge to the trial court's jurisdiction. In this case, the appellant raises only an argument that he did not voluntarily enter his guilty plea. Defense counsel presented this argument to the trial court in an unverified motion to withdraw the appellant's guilty plea.
 "`Assertions in an unverified motion are bare allegations and cannot be considered as evidence or proof of the facts alleged.' Blount v. State, 557 So.2d 1333 (Ala.Crim.App. 1989); see also, Similton v. State, 672 So.2d 1363 (Ala.Crim.App. 1995)."
McCollum v. State, 678 So.2d 1210, 1213
(Ala.Crim.App. 1995). Thus, defense counsel's assertions in the motion to withdraw the appellant's guilty plea did not constitute evidence, and this court could conclude *Page 835 
that the trial court properly denied the motion on that basis.
For these reasons, I respectfully dissent.