WISE, Judge.
 

 Robert Marshall Staples was convicted of one count of second-degree arson, a violation of § 13A-7-42, Ala.Code 1975. He was sentenced to 10 years’ imprisonment. However, pursuant to the Split Sentence Act, § 15-18-8, Ala.Code 1975, Staples’s sentence was suspended, and he
 
 *363
 
 was ordered to serve 18 months in prison, followed by 5 years of supervised probation. He was also ordered to pay a $50 assessment to the crime victims compensation fund, all court costs, and perform 120 hours of community service upon his release from incarceration.
 

 Staples’s trial began on September 12, 2005, and the jury returned a verdict of guilty on September 15, 2005. Staples was sentenced on November 1, 2005. After he was sentenced, Staples retained new counsel to represent him. On November 80, 2005, Staples’s new counsel filed a motion for a judgment of acquittal or, in the alternative, a motion for a new trial. Counsel later requested that an evidentiary hearing be held on that motion. On January 3, 2006, a notation on the case-action summary indicated that Staples’s motion for a new trial had been continued to January 30, 2006, “at the request of the defendant.” However, there was no indication that the prosecutor had consented to the continuance. A subsequent notation on the case-action summary dated January 18, 2006, stated:
 

 “Motion for New Trial is set for 1-30-06 [at] 9 a.m. The attorneys for defense and State have agreed on the record that the hearing may be continued thereafter to the next motion docket for ruling by the Court as specified by Rule 24, Ala. R.Crim.P.”
 

 (C. 10.)
 

 On February 28, 2006, the trial court conducted a hearing on all pending motions, including the motion for a new trial. Although evidence was presented in support of Staples’s new-trial motion— particularly his various claims of ineffective assistance of counsel — the court denied Staples’s motion for a new trial without making any specific findings of fact. Staples filed a notice of appeal on March 7, 2006. However, on April 11, 2006, this Court dismissed Staples’s appeal as untimely, given that the notice of appeal was not filed within 42 days of January 3, 2006 — the day Staples’s motion for a new trial was denied by operation of law.
 
 Staples v. State
 
 (No. CR-05-1110), 978 So.2d 84 (Ala.Crim.App.2006) (table).
 

 On April 26, 2006, Staples filed a petition for postconviction relief, pursuant to Rule 32, Ala.R.Crim.P., seeking an out-of-time appeal. The trial court entered an order dated June 15, 2006, noting that “Staples’s Rule 32 petition is granted so that he can file his reinstated appeal so he can resolve the claims that he could have raised in the initial timely appeal, which includes all issues raised in the motion for new trial.” (C. 68.) This appeal followed.
 

 Staples presents a single argument for this Court’s review: whether the trial court erred in denying his motion for a new trial on the ground that trial counsel rendered ineffective assistance.
 
 [1]
 
 The State maintains that this Court should not address Staples’s various claims of ineffective assistance of counsel until such time as the trial court renders specific findings of fact on each of the grounds that were argued in the hearing on Staples’s motion for a new trial and are now argued to this Court on appeal. We agree.
 

 This Court addressed virtually the same fact situation in
 
 Stinson v. State,
 
 964 So.2d 684 (Ala.Crim.App.2006). We remanded that case for the trial court to enter a new order on Stinson’s claims, noting:
 

 
 *364
 
 “Because the motion for new trial was deemed to be denied by operation of law on March 8, 2005, i.e., the sixty-first day after Stinson was sentenced, every action taken in the trial court from that date forward, including the March 29, 2005, hearing on the motion for a new trial and the parties’ waiver and consent to extend the 60-day period was void, and the trial court’s order purporting to deny the motion was a nullity. See
 
 Similton v. State,
 
 672 So.2d 1363 (Ala.Crim.App.1995). Therefore, based on the circumstances of this case, the trial court was correct in granting the out-of-time appeal. See
 
 Dedeaux v. State,
 
 976 So.2d 1045 (Ala.Crim.App.2005) (Tf the failure to file a timely notice of appeal is through no fault of the appellant’s, the appellant is entitled to an out-of-time appeal.’).
 

 “Here, we have a situation similar to the one in
 
 Edgar v. State,
 
 646 So.2d 683, 685 (Ala.1994), in which the trial court held a hearing on the motion for a new trial after the 60-day period; therefore, it did not take evidence until after the motion had already been denied by operation of law. Although the trial court, in
 
 Edgar,
 
 denied the motion, it failed to include in its order any specific findings. The Alabama Supreme Court held:
 

 “‘We hold that where, as here, a criminal defendant’s motion for a new trial is denied under the provisions of Rule 24.4, Ala.R.Crim.P., without an affirmative statement by the trial judge giving the ruling a presumption of correctness and the defendant supports his new trial motion by evidence that was not presented at trial, and that evidence, if not controverted by the State, will entitle him to a new trial, the denial by operation of law should be reversed and the case remanded for the trial court to conduct a hearing on his motion for new trial and then enter an order either granting or denying the motion.’
 

 “Edgar v. State,
 
 646 So.2d at 687.
 

 “Additionally, this Court in
 
 Banks v. State,
 
 845 So.2d 9 (Ala.Crim.App.2002), addressed a situation similar to the case at bar, having before it an affirmative response from the trial court denying a motion to withdraw a guilty plea, over which it no longer had jurisdiction because the motion had been denied by operation of law. Here, as in
 
 Banks,
 
 the trial court’s written order has no legal significance, because the trial court no longer had jurisdiction to rule on the motion for a new trial. Because this Court cannot consider any proceedings in the trial court that occurred beyond the 60-day limit, a remand is necessary to bestow jurisdiction on the trial court. Moreover, we are confident that the trial court, which presided over the trial and the hearing on the motion for a new trial, is in the best position to make any findings of fact regarding Stinson’s claims. See, e.g.,
 
 Vinnie v. State,
 
 866 So.2d 1175, 1176 (Ala.Crim.App.2002).”
 

 964 So.2d at 685-86.
 

 Based on the foregoing, the trial court is directed to review the transcript of the hearing on Staples’s motion for a new trial and enter an order, making specific findings of fact regarding Staples’s ineffective-assistance-of-counsel claims, or to conduct any additional proceedings it deems necessary.
 

 The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a transcript of the proceedings, if any, conducted by the trial
 
 *365
 
 court on remand and the trial court’s specific written findings of fact.
 

 REMANDED WITH DIRECTIONS.
 

 BASCHAB, P.J., and McMILLAN, SHAW, and WELCH, JJ., concur.
 

 [1]
 

 . Although Staples argued a number of grounds for relief in his motion for a new trial, those claims are deemed abandoned based on Staples’s failure to argue these grounds on appeal. See
 
 Slaton v. State,
 
 902 So.2d 102, 109 (Ala.Crim.App.2003) (citing
 
 Brownlee v. State,
 
 666 So.2d 91, 93 (Ala.Crim. App.1995)).